UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATASHA W. P., | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 866 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Natasha W. P. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision denying her application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

Plaintiff applied for benefits on December 16, 2015, alleging a disability onset date of November 8, 2015. (R. 151.) Her application was denied initially and on reconsideration. (R. 165, 211.) After a hearing, an administrative law judge ("ALJ") issued a decision denying plaintiff's claim on December 5, 2018. (R. 90-112.) The Appeals Council declined review (R. 1-4), making the ALJ's decision the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairment; (4) whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether she is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant can perform work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since her alleged onset date. (R. 93.) At step two, the ALJ found that plaintiff has the severe impairments of "multiple sclerosis, left torn meniscus, degenerative disc disease of the cervical spine, mild obesity, depression, and anxiety." (*Id.*) At step three, the ALJ found that plaintiff does

2

not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (R. 94.) At step four, the ALJ found that plaintiff is unable to perform any past relevant work but has the RFC to perform sedentary work with certain exceptions. (R. 98-99, 109.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 110-11.)

Plaintiff contends that the ALJ erred by failing to incorporate in the RFC the social interaction and adaptive limitations to which the agency psychologist opined. The psychologist said plaintiff is moderately limited in her ability to: "interact appropriately with the general public;" "accept instructions and respond appropriately to criticism from supervisors;" "get along with coworkers or peers without distracting them or exhibiting behavioral extremes;" and "respond appropriately to changes in the work setting." (R. 206.) Plaintiff argues that these so-called checkbox limitations indicate that plaintiff "would be prone, at least some of the time, to inappropriate workplace behaviors as a result of her psychological impairments," a fact not addressed by the RFC. (ECF 19 at 5.)

The Court disagrees. First, the psychologist said plaintiff *might* behave inappropriately at times not that she necessarily would do so. Second, the ALJ is tasked with fashioning an RFC from all of the record evidence, not just the opinion of one doctor. *See* 20 C.F.R. § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence.") In this case, the evidence shows that plaintiff: (1) gets along well with authority figures; (2) has never been fired from a job because she had difficulty get along with others; (3) understands and conforms to social norms; (4) shops in stores; and (5) maintains relationships with friends, a boyfriend, and her children. (R. 97 (citing R. 470, 473, 504, 633, 645, 659, 1658, 1659).) The RFC fashioned by the ALJ accommodates plaintiff's limitations. (*See* R. 99 (stating that

3

plaintiff can "understand, remember, and apply simple information," "adjust to routine changes in . . . rote work," and "should avoid public contact, frequent communication, or more than occasional interaction with coworkers or supervisors").

Plaintiff also contends that the RFC does not account for the moderate concentration limitations to which the agency psychologist opined. (*See* R. at 205-07 (Dr. Biscardi stating that plaintiff is moderately limited in her ability to: maintain attention and concentration for extended periods of time; perform activities within a work schedule, maintain regular attendance, and be punctual; complete a normal workday and workweek without interruptions from psychologically based symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods but "retains the capacity to understand, remember, carry out and sustain performance of 1-3 step tasks . . . , complete a normal workday, . . . and adapt to changes/stressors associated with simple routine competitive work activities").) This time, the Court agrees.

In relevant part, the RFC states that plaintiff can "understand, remember, and apply simple information," "requires rote work of limited variability and end-of-day performance expectations rather than hourly performance expectations," and "is able to work five days a week, eight hours per day, at a consistent pace with only normal breaks." (R. 99.) However, the Seventh Circuit has "repeatedly rejected the notion" that confining "'the claimant to simple, routine tasks," as the ALJ did here, "adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.'" *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015) (quoting *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014)); *see DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (per curiam) ("[T]here is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."); *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009) (per curiam)

4

(collecting cases stating the same). Because the RFC does not accommodate the concentration deficiencies about which the psychologist opined and the ALJ adopted, this case must be remanded.

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision, denies the Commissioner's motion for summary judgment [25], and remands this case, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with Memorandum Opinion and Order.

**SO ORDERED.**                          **ENTERED: March 31, 2021**

**M. David Weisman**
**United States Magistrate Judge**